[Civ. No. 20684. Second Dist., Div. Three. Sept. 22, 1955.]

DONNA LEE EVERMAN, a Minor, etc., Appellant, v.
DONALD WRIGHT et al., Respondents.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for
Appellant.

Roland Maxwell and Paul H. Marston for Respondents.

WOOD (Parker), Acting P. J.—Judgment was for defendants in this nonjury trial for damages for personal injuries resulting from a collision of automobiles at the intersection of Olive Street and Cloverly Street in Temple City.

Appellant (plaintiff) asserts that the evidence was insufficient to support the judgment.

In April, 1951, about 9:20 p. m., plaintiff Donna Lee Everman, a minor, was a guest in a De Soto automobile that was being driven by Richard Nign in an easterly direction on Olive Street, which is 32 feet wide. Defendant Donald Wright

was driving a Plymouth automobile in a southerly direction on Cloverly Street, which is 40 feet wide. Those streets intersect at right angles. There were no stop signs at the intersection.

Richard Nign testified that prior to entering the intersection he was traveling 20 miles an hour and his automobile was about a foot south of the center of Olive Street; as he approached the intersection he saw headlights from his left, north of the intersection; when he saw the headlights he applied the brakes; the collision occurred in the southeast part of the intersection; as he approached the intersection he did not hear any warning signal made by horn or otherwise; he observed skid marks of his automobile extending 15 feet back (west) of the point of impact, and he observed skid marks of his automobile extending 45 feet east of the point of impact; there were no skid marks on Cloverly north of the intersection.

Officer Tucker testified that he went directly to the scene of the collision, after receiving a call at 9:40 p. m.; the point of impact was 12 feet north of "the south prolongation of Olive" and 26 feet east of "the prolonged westerly curb of Cloverly"; he saw 16 feet of skid marks west of the point of impact; he saw 45 feet of skid marks east of the point of impact to the location of the De Soto automobile; he did not observe skid marks "in the intersection north of Olive Street" or on Olive Street in the direction of the Plymouth; the pavement was dry.

Donna Lee Everman testified that she did not observe the Plymouth enter the intersection; nothing called her attention to the imminence of a collision; she was unconscious after the impact.

Defendant Donald Wright testified on direct examination that he did not remember whether he was driving the Plymouth automobile on the evening of the collision; that the only thing he remembered was his "waking up in the hospital." On cross-examination, he was asked if he had testified, upon the taking of his deposition, that he was going to make a left-hand turn on Olive. In reply thereto he testified, "I remember testifying that, yes, sir. That also was hearsay." (He had testified previously in his deposition that he had been told that Samuel Shab was in the Plymouth with him at the time of the accident; that he did not remember that Shab was with him; and that the references therein to Shab and to other instances, such as drinking "coke" and going to see his girl, were all hearsay.)

The reporter's transcript does not show where the automo-

biles came to rest after the collision. There are statements in the transcript to the effect that the automobiles were at places shown in certain photographs or at certain points designated on a map, such as points "1" and "2," but the photographs or map (which are exhibits) have not been transferred to this court. There is a statement (by Officer Tucker) in the reporter's transcript to the effect that the Plymouth was 47 feet from the point of impact and that the rear of the car was on a lawn and the front wheels were in the street; and that the De Soto was 7 feet from the easterly line of Cloverly as indicated by "G" (on the map) and 26 feet south of the southerly line of Olive as indicated by "H."

The court made findings to the effect that defendant Donald Wright was not negligent; that plaintiff was not guilty of contributory negligence; and that Robert Nign was not negligent.

Appellant argues that the evidence shows that defendant Donald Wright was guilty of negligence *per se*, in that, in attempting to negotiate a left-hand turn he "cut the corner" in violation of section 540 of the Vehicle Code. The argument with reference to cutting the corner is based on the testimony of the officer to the effect that the point of impact was south of the center line of Olive Street and east of the center line of Cloverly. Said section 540 provides, in part: "At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." Whether said defendant was intending to make a left turn, and whether he made a left turn in violation of said section, and whether he was negligent at all in operating the Plymouth automobile, were questions of fact for the determination of the trial court. The mere fact that the point of impact was in the southeast quadrant of the intersection would not establish that Wright was negligent. It cannot be said that Wright was negligent as a matter of law.

The judgment is affirmed.

Vallée, J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.